**Brian P. Berson, Esq.**

California State Bar No. 130249
Law Offices of Brian P. Berson
1000 Brannan St. #488
San Francisco, CA 94103
brian@bersonlaw.net
Telephone: (415) 788-2707
Facsimile: (415) 522-1506

Counsel for Defendant **Bret Holiday**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHisN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 21-0046-SI |
| Plaintiff, | ) **SENTENCING MEMORANDUM** |
| vs. | ) |
| Bret Holiday | ) Date: March 26, 2021 |
| Defendant. | ) Time: 1:30 p.m. |
| | ) Courtroom: THE HONORABLE |
| | ) JUDGE ILLSTON |

**I. INTRODUCTION**

Mr. Holiday is pending sentencing after his February 26, 2021 guilty plea to the one count Information charging him with aiding and abetting the distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2(a).

For the reasons below, the Court should sentence Mr. Holiday to time served and no more than one year of supervised release (SR).

**II. DISCUSSION**

1

**A. Mr. Holiday Cannot be Considered a Career Offender**

The Court should not be influenced by the suggestion in the pre-sentence (PSR) that Mr. Holiday "may … be a career offender." PSR para. 25. U.S.S.G. §4B1.1 provides that a career offender categorization would bump Mr. Holiday's offense level to 32. There is a plea agreement in this case. In it, the government agreed that Mr. Holiday's adjusted offense level is 8. Thus, the PSR's suggestion would destroy the intent of the parties in how to settle this case. In any event, the PSR's suggestion is wrong.

Mr. Holiday has four prior felony convictions for violations of Ca. H&S §11351. PSR para.s 17, 19, 20 and 21.[1] However, these can only be considered felony drug priors for career offender purposes under the modified categorical approach, because state law provisions under H&S §11351 cover a broader range of drugs than does the federal Controlled Substances Act.

In *United States v. Leal-Vega* (9th Cir. 2012) 680 F.3d 1160, 1167, the Ninth Circuit considered whether a defendant's prior conviction under §11351 was a "drug trafficking offense" for the purposes of the guideline governing sentences in illegal reentry cases. The court held that it was not, unless found to be so under the modified categorical analysis. *Id*. The circuit's holding in *Leal-Vega* is relevant here because case law regarding U.S.S.G.

---

[1] Mr. Holiday also has a 2009 felony drug conviction (para. 14), but it is timed out per Guideline §4A1.2. *See* §4B1.2 Commentary N. 3.

2

§2L1.2, for illegal re-entry, has been applied to the career offender guideline: §4B1.1. See, e.g., *United States v. Charles* (9th Cir. 2009) 581 F.3d 927, 934.

The modified categorical approach requires some limited court documentation (such as the plea colloquy) to show that the factual basis for the conviction qualified it as a drug felony conviction under the Controlled Substances Act. See *Descamps v. United States* (2013) 570 U.S. 254, 260-261; *Medina-Lara v. Holder* (9th Cir. 2014) 770 F.3d 1106, 1113. Here, the PSR notes the statute of conviction (H&S §11351) but nothing about the particular drugs involved other than the arresting officers' suspicions. Pursuant to the above authority, underlying court documents are needed for the proper evaluation of whether these convictions qualify for career offender purposes.

In *Medina-Lara v. Holder*, supra, the Ninth Circuit held that "the government bears the burden of proof to show by 'clear and convincing evidence' that the § 11351 conviction is a predicate offense." *Medina-Lara v. Holder,* 770 F.3d at 1113 *(citations omitted).* Here, the government already stipulated to an offense level that precludes a career offender finding. Thus, there is insufficient evidence presented for the Court to find Mr. Holiday to be a career offender.

**B. Mr. Holiday Does Not have the Ability to Pay a Fine**

Page 16 of the PSR states that Mr. Holiday's "ability to pay a fine is unknown." To the contrary, it is known. He's homeless. Undersigned counsel is appointed.

**C. 18 U.S.C. Sec. 3553(a) factors**

**1. Sufficient but not Greater than Necessary**

Title 18 §3553(a) states that the Court shall impose a sentence "sufficient but not greater than necessary …" to promote the factors enumerated in that section.

Section 3553(a) also indicates that the Court should consider, among other things, the applicable Guidelines range for the offense of conviction. However, although the Court is required to consider the Guidelines calculations, those Guidelines carry no presumption of reasonableness, and a sentence outside the Guidelines carries no presumption of unreasonableness. *Gall v. United States* (2007) 552 U.S. 38; *Irizarry v. United States* (2008) 553 U.S. 708. Rather, the Court should consider all of the 18 U.S.C. §3553(a) factors along with the Guidelines in deciding on the appropriate sentence, and that sentence should not be greater than necessary to promote the §3553(a) factors.

**2. The Need to Avoid Unwarranted Sentence Disparities**

The factor in §3553(a)(6) is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The police report in

4

this case reflects that Mr. Holiday was holding drugs for the other person arrested with him. She was clearly in charge. That is why the government agreed that Mr. Holiday should get the minor role adjustment in the offense level, reflected in the plea agreement. However, the obviously more culpable other person is getting the benefit of pretrial diversion. Not only will she serve no time, she will suffer no conviction. Under these circumstances Mr. Holiday, the less culpable participant, should not have to serve any imprisonment. Even a conviction and probation for Mr. Holiday is arguably an unwarranted sentencing disparity.

Notably, although Mr. Holiday has several prior drug convictions, in each of the matters discussed in PSR paragraphs 18, 19 and 21, Mr. Holiday was holding the drugs for the seller.

**3. The History and Characteristics of Mr. Holiday**

Section 3553(a)(1) includes the factor of the history and characteristics of the defendant. The PSR has Mr. Holiday's criminal history. It is nothing to be proud of, but the only conviction of violence is a misdemeanor battery from almost 26 years ago. PSR para. 9.

Mr. Holiday is a 47-year old homeless man. His "home" is a tent in an encampment.

5

It is counsel's understanding that Mr. Holiday is 5'9" tall and weighs 205 pounds.[2] According to the CDC, having obesity makes a person more vulnerable to severe symptoms from the coronavirus than the general population. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. Furthermore, according to the CDC BMI calculator, the above dimensions place Mr. Holiday into the "obese" category. https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

It is no secret to this Court that incarcerated individuals are among society's most vulnerable to contracting the coronavirus because of the inability to safely social distance while locked up in close quarters with little ventilation.

**4. The Kinds of Sentences Available**

Section 3553(a)(3) includes the factor of the kinds of sentences available.

As this is a Class C felony, Mr. Holiday is eligible for probation. 18 U.S.C.§3559. Title 18 U.S.C. §3561 authorizes 1 - 5 years probation. However, the Court also has the discretion to sentence Mr. Holiday to time served (approximately 1-2 months), to be followed by any period of SR. Under Title 18 U.S.C. §3583(b), there appears to be no mandatory minimum for SR terms in this case, only the maximum of three years.

---

[2] The police report lists Mr. Holiday at 5'10" and 173 lb. We believe this is incorrect.

6

The Federal Public Defender's Office has a database of Tenderloin cases that includes those prosecuted under the 2020 Federal Initiative for Tenderloin (FIT), many of which consist of street level drug bust cases in the Tenderloin (TL) that have been traditionally charged in San Francisco Superior Court rather than federal court.[3] The FPD has solicited CJA counsel to contribute to this database. However, it is not comprehensive because it does not purport to include all such described TL cases. Despite its acknowledged limitations, it is assumed to be accurate within its scope because those contributing data - including the undersigned - have put their names on their contributions and are officers of the court.

According to the TL database, 54 FIT cases charging Title 21 U.S.C. §841(a)(1) drug crimes resulted in time served sentences. Of these, 16 cases involved time served of three months or less. Five of those 16 involved defendants with criminal histories of at least IV. A category VI CH defendant in this group received a custodial sentence of 17 days time served. Two defendants in the

---

[3] Assistant Chief FPD Candis Mitchell runs the database. According to Ms. Mitchell, FIT "is The federal initiative [that] has prioritized federal charges for criminal misconduct with a nexus to the Tenderloin, including drug trafficking, firearms offenses, escape, Hobbs Act robberies, false passports and visas, postal crimes, crimes on federal land, human trafficking, identity theft, and benefits fraud." However, data cited in this memorandum only includes the described drug cases.

7

above time served category received one year of SR. A third such defendant received no SR.

Thus, the above illustrates not only that the type of sentence available is what we are requesting, but also that similarly situated defendants received the same type of requested sentence.

### III. CONCLUSION

Mr. Holiday is a Black middle-aged homeless man with a long but largely non-violent criminal record. He is particularly vulnerable to the coronavirus because his height and weight classify him as obese. His white, more culpable co-defendant obtained a pretrial diversion disposition. Defendants in at least 54 FIT cases have received the time served sentence requested here. Three such defendants received either one year of SR or no SR.

For the foregoing reasons, the Court should sentence Mr. Holiday to time served and no more than one year of supervised release.

Date: March 24, 2021

Respectfully Submitted,
_____//s//_____
Brian P Berson
ATTORNEY FOR BRET HOLIDAY